# CHARLESTON

## GREGG v. CITY OF MORGANTOWN.

Submitted November 2, 1915.  Decided November 16, 1915.

MUNICIPAL CORPORATIONS—*Trial—Demurrer to Evidence—Defective Streets—Damages.*

Upon the trial of this action, for injuries occasioned by defects in a public street, defendant, offering no evidence, demurred to the proof introduced by plaintiff. The jury found for plaintiff if the law of the case be for him, and the court, sustaining the demurrer, entered judgment for defendant. Plaintiff assigns error. The street, where the injury sued for occurred, was dangerous and defective, and from such proof, though in part conflicting, the jury reasonably could have concluded that plaintiff was not aware of the condition of the highway, because theretofore he had not traveled it, and that, while exercising due care, he did not see, and, because of obstructions, was prevented from seeing, the defect in time to avoid the injury sued for. Hence, the demurrer should have been overruled and judgment thereon rendered for plaintiff. Such judgment is entered here.

Error to Circuit Court, Monongalia County.

Action by R. P. Gregg against the City of Morgantown. Judgment for defendant, and plaintiff brings error.

*Reversed and rendered.*

*E. M. Everly* and *Donley & Hatfield,* for plaintiff in error.

*Stewart & John,* for defendant in error.

LYNCH, JUDGE:

To recover damages for injuries to his property, consisting of a horse killed, and wagon and harness broken or destroyed,

resulting from defects in a public street within the corporate limits of the city of Morgantown, R. P. Gregg brought this action before a justice of Monongalia county, before whom he recovered judgment for $300. Upon a trial had on appeal to the circuit court, defendant, offering no proof, demurred to the evidence introduced by plaintiff. The jury rendered a verdict for plaintiff for $225, subject to the law of the case upon such demurrer, and the trial court, finding the law to be for defendant, entered the judgment to which plaintiff below obtained this writ.

The sole question presented for our consideration is whether the evidence of the plaintiff was sufficient to sustain a verdict in his favor, in view of such demurrer. To that inquiry we think the only answer is an affirmative one. Though Hunter, plaintiff's employee in charge of the horse and wagon at the time of the injury, so described his situation with reference to the defect that the jury, if permitted to determine defendant's liability therefor, may have concluded the driver was in default to an extent forbidding recovery by his employer, his testimony for the most part nevertheless was such as to justify a conclusion favorable to plaintiff.

The defect proved consisted of a hole about six feet in length, eighteen to twenty inches deep and about two feet in width, extending laterally across Prospect street, located and laid out in a sparsely settled portion of the city. Where the injury occurred, or near thereto, Allen avenue intersects Prospect street. The avenue was laid out and constructed, according to the testimony of witness Morris, a civil engineer, "parallel with the hillside" on which it was located; and the street "runs directly up and down the hill", on a varying grade, the grade at the intersection being about fifteen per cent. Hunter drove the horse and wagon from the avenue into the street. He testified that, because of obstructions described by him, he did not see, and although he exercised due care and caution he was prevented from seeing, the defect until the horse was so near it that he could not avoid driving into the hole, whereby plaintiff's property was damaged. No means of escape therefrom seemed to be available. He made what may be termed a reasonable effort to drive around or over the defect. He could not return to Allen avenue, and had

not theretofore used Prospect street and did not know its condition. Other persons experienced the same difficulty and sustained similar injuries from the same defect shortly prior to that time. The opening was only about six feet from the intersection of the highways; and there is positive testimony, other than that detailed, tending to show that, because of the relatively 'higher elevation of the avenue and the presence of briars and elders at the corner, one driving from the avenue can not see the condition of Prospect street until after he has passed into it.

The rule generally adopted in dealing with demurrers to evidence is that the demurrant must be considered as conceding the truth of the evidence demurred to and all reasonable inferences deducible from it. 4 Enc. Dig. 522 and the authorities there collated. In view of the principles therein stated, and applicable to the facts proved in this case, we are of opinion that error prejudicial to plaintiff was committed by the ruling of the trial court on such demurrer. And for this reason we reverse the judgment, overrule the demurrer, and enter judgment for plaintiff for the amount found by the jury, with the usual costs and damages.

*Reversed and rendered.*